UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Debtor(s)

)  Case No. _____
)
)  **Notice of Preliminary Hearing on Motion**
)  **For Use of Cash Collateral**
)  **To Obtain Credit**
)  **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion For Use of Cash Collateral To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5 and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is
   _____
   _____
   _____.

   b. The amount of cash collateral credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are:
   _____.

3. A preliminary hearing on the motion will be held as follows:

   **Date:** _____ **Time:** _____ **Location:** _____

   Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

**541.1 (12/1/2018)**            Page 1 of 2

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____

Signature of Moving Party or Attorney                                      OSB #

_____

(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

1  Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
       Direct Dial:  503.802.2013
2      Facsimile:    503.972.3713
       E-Mail:       albert.kennedy@tonkon.com
3  Timothy J. Conway, OSB No. 851752
       Direct Dial:  (503) 802-2027
4      Facsimile:    (503) 972-3727
       E-Mail:       tim.conway@tonkon.com
5  Michael W. Fletcher, OSB No. 010448
       Direct Dial:  (503) 802-2169
6      Facsimile:    (503) 972-3867
       E-Mail:       michael.fletcher@tonkon.com
7  Ava L. Schoen, OSB No. 044072
       Direct Dial:  (503) 802-2143
8      Facsimile:    (503) 972-3843
       E-Mail:       ava.schoen@tonkon.com
9  TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 Portland, OR 97204-2099

11     Attorneys for Debtors

12

13                 UNITED STATES BANKRUPTCY COURT

14                       DISTRICT OF OREGON

15 | In re | Case No. 19-32599-dwh11 |

16 Wall to Wall Tile & Stone-Oregon LLC, an
   Oregon limited liability company,
17
                   Debtor.
18

19 | In re | Case No. 19-32600-dwh11 |

20 Wall to Wall Tile & Stone, LLC, a
   Washington limited liability company,
21
                   Debtor.
22

23 | In re | Case No. 19-32603-dwh11 |

24 Wall to Wall Tile & Stone-Idaho LLC, an
   Idaho limited liability company,

**DEBTORS' MOTION FOR INTERIM
AND FINAL ORDERS AUTHORIZING
DEBTORS TO OBTAIN UNSECURED
CREDIT**
25
                   Debtor.
26
                                          *EXPEDITED HEARING REQUESTED*

**Page 1 of 4** -   DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
                    DEBTORS TO OBTAIN UNSECURED CREDIT

Pursuant to 11 U.S.C. § 364(c)(1) and Bankruptcy Rule 4001(c), Debtors and Debtors-in-Possession Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (together "Wall to Wall" or "Debtors") hereby move (the "Motion") this Court for interim and final orders substantially in the form attached hereto as **Exhibit 1** (the "Interim Order") (a) authorizing Debtors to obtain super-priority unsecured administrative expenses postpetition financing pursuant to Section 364(c)(1) of the Bankruptcy Code; and (b) scheduling an interim and final hearing. In support, Debtors incorporate the statements contained in the Declaration of James Keller in Support of First Day Pleadings filed contemporaneously herewith and respectfully represent as follows:

1.     On July 16, 2019 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2.     Debtors have continued in possession of their property and are continuing to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3.     No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtors' cases.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought by this motion is Section 364(c)(1) of Chapter 11 of Title 11 of the United States Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

5.     Wall to Wall was founded in 2008 in Vancouver, Washington by Tyler Kruckenberg with four employees. Mr. Kruckenberg had 20 years of experience in the stone countertop supply and fabrication industry. He envisioned a large scale advanced manufacturer

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

that could deliver fully integrated solutions offering better selection, price, and service to the market.

6.    Wall to Wall has grown to approximately 250 employees and annual sales exceeding $30 million.  Wall to Wall's sales are concentrated in granite and quartz countertops.  Marble and exotic stones, including soapstone, slate, and limestone are also offered, as are custom stone vanity tops, backsplashes, floor tiles, and other interior surfaces.  To complement its array of stone countertop products, Wall to Wall offers several value-added services, including design, project layout, home visitation for digital measurement, customized cutting, and hand finished home installation.

7.    The companies operate out of five locations.  In Vancouver, Washington, there are two locations:  a 44,000 square foot facility that houses distribution, design, engineering, manufacturing, and warehousing and a separate 5,664 square foot corporate office and public showroom.  In Boise, Idaho, there is a 37,000 square foot facility that houses manufacturing, distribution, and a public showroom.  A public showroom is also located in Kent, Washington and a private showroom for contractors is located in Bend, Oregon.

8.    By this Motion, Debtors request entry of interim and final orders pursuant to 11 U.S.C. § 364(c)(1) authorizing Debtors to obtain postpetition financing consisting of loans and advances from Baffco Enterprises, LLC ("Baffco") on an unsecured basis allowable under 11 U.S.C. §§ 364(c)(1) with priority over any and all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code, except for a carveout for professional fees and expenses pursuant to Sections 330 and 331 of the Bankruptcy Code; and (b) enter into the Loan Agreement ("Loan Agreement") substantially in the form attached to the Interim Order as **Exhibit A.**

9.    Debtors have an immediate need to obtain additional working capital in order to meet their obligations and operate their business.  Debtors' immediate known needs are set forth in the budget attached to Debtor's Motion for Authority to Use Cash Collateral.

**Page 3 of 4** -   DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
           DEBTORS TO OBTAIN UNSECURED CREDIT

1 Debtors also need to be ready to meet additional unexpected needs and business requirements as

2 they may arise.

3         10.     Pursuant to the Loan Agreement, Baffco has agreed to make optional

4 advances in amounts totaling up to $2 million.  Debtors anticipate that up to $1 million of that

5 amount may be needed on an interim basis pending a final hearing on this Motion.

6         11.     All loans made by Baffco shall be treated as loans under the Loan

7 Agreement, will be added to the Optional Advance Note, will accrue interest at 10% per annum,

8 and will be payable on the earlier of the (a) Effective Date of any plan of reorganization

9 confirmed in the Bankruptcy Cases, (b) date of the entry of an order converting this Bankruptcy

10 Case to a case under Chapter 7, (c) date of the entry of an order appointing a trustee under

11 Chapter 11, or (d) February 15, 2020.  The loan has a 1% origination fee.

12         12.     Baffco's unsecured administrative claim under Section 364(c)(1) of the

13 Bankruptcy Code shall be subject and subordinate only to (a) unpaid fees of the U.S. Trustee

14 pursuant to 28 U.S.C. § 1930(a) and (b) unpaid administrative expense claims for professional

15 fees and expenses allowed pursuant to 11 U.S.C. § 330 or § 331 and incurred prior to the entry of

16 any order converting this case to a case under Chapter 7 of the Bankruptcy Code.

17         13.     It is in the best interests of Debtors and their estates to be authorized to

18 obtain credit from Baffco on an unsecured basis pursuant to the terms set forth in the Loan

19 Agreement as it is necessary to assist Debtors in continuing the operation of their business in the

20 ordinary course and preserving the going concern value of Debtors for the benefit of their

21 creditors.

22         14.     Debtors have also filed a Motion for Authority to Use Cash Collateral.  As

23 set forth in the budget attached to the cash collateral motion, Debtors' cash flow is such that

24 additional funds are needed from time to time in order to provide adequate working capital.

25 Although Debtors expect Wells Fargo to allow the use of its cash collateral, Wells Fargo is not

26 willing to advance additional funds.  Debtors also anticipate that additional working capital may

**Page 4 of 4** -   DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
                          DEBTORS TO OBTAIN UNSECURED CREDIT

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

be needed to fund payment of Section 503(b)(9) claims, if allowed, or to provide cash advance or other terms as may be necessary for Debtors to continue to acquire necessary materials in the course of their business operations. Further, funds are also needed to pay the administrative expenses associated with the Chapter 11 case and provide for any contingencies that may arise.

15. Without approval of Debtors' Motion, Debtors will be unable to maintain and preserve their business operations and provide necessary and appropriate assurances to all vendors, suppliers, customers, and creditors that they will be able to maintain and preserve their assets and effectuate an orderly and efficient reorganization. If Debtors are unable to have sufficient funds available to provide such assurances, Debtors' ability to reorganize will be seriously jeopardized, to the substantial detriment of creditors, employees, and other parties-in-interest. Debtors are unable to obtain adequate financing on equal or more favorable terms than those offered by Baffco.

16. Debtors believe the proposed terms and conditions in the Loan Agreement are fair and equitable and in the best interest of Debtors' estates. An immediate need exists for Debtors to obtain credit in order to enable Debtors to operate their business pending a final hearing on the Motion and to avoid immediate and irreparable harm to Debtors, their estates, and their creditors.

WHEREFORE, Debtors request the entry of an order granting the relief requested herein, and such other and further relief as the Court may deem proper.

DATED this 16th day of July, 2019.

TONKON TORP LLP


By /s/ Ava L. Schoen
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    Attorneys for Debtors

**Page 5 of 4** - DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO OBTAIN UNSECURED CREDIT

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-32599-dwh11 |
| Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company, | |
| Debtor. | |
| In re | Case No. 19-32600-dwh11 |
| Wall to Wall Tile & Stone, LLC, a Washington limited liability company, | |
| Debtor. | |
| In re | Case No. 19-32603-dwh11 |
| Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company, | **INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED CREDIT AND SETTING FINAL HEARING** |
| Debtor. | |

THIS MATTER having come before the Court upon Debtors' Motion for Interim

and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion"), notice of the

Motion having been given pursuant to Bankruptcy Rule 4001(c) and LBR 4001-1.D, the Court

**Page 1 of 4** -  INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
CREDIT AND SETTING FINAL HEARING

having heard and considered the arguments of counsel and all relevant pleadings, exhibits, and documents of record in this case, and the representation of counsel at the time of hearing; now, therefore, the Court hereby finds and concludes:

A.     On July 16, 2019 (the "Petition Date"), Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code.

B.     Debtors continue in possession of their property and are continuing to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

C.     The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334, and these are core proceedings pursuant to 28 U.S.C. § 157(b).

D.     Baffco Enterprises, LLC ("Baffco") has agreed to extend postpetition loans to Debtors on an unsecured super-priority basis pursuant to 11 U.S.C. § 364(c)(1) on the terms set forth in the Loan Agreement attached hereto as **Exhibit 1** (the "Loan Agreement").

E.     Debtors require financing in order to enable Debtors to maintain business operations and otherwise meet immediate financial demands.  Without such financing, Debtors will be unable to pay wages, salaries, employee benefits, and operating expenses, and the enterprise value of Debtors' business will be diminished and Debtors' ability to maintain and preserve their assets and effect an orderly and efficient reorganization will be seriously jeopardized, to the substantial detriment of creditors, employees, and other parties-in-interest.

F.     Debtors have concluded that they will not be able to adequately finance their business operations by using only cash flow from operations, and Debtors have concluded they need to obtain additional capital in order to finance their operations.

G.     Debtors are unable to obtain adequate financing on equal or more favorable terms than those offered by Baffco.

**Page 2 of 4** -   INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
CREDIT AND SETTING FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-32599-dwh11    Doc 16    Filed 07/16/19

H.       Debtors believe the proposed terms and conditions of the financial accommodations provided in the Loan Agreement are fair and equitable, and in the best interest of Debtors' estates.

I.        An immediate need exists for Debtors to obtain credit in order to enable Debtors to operate their business pending a final hearing on the Motion and to avoid immediate and irreparable harm to Debtors, their estates, and their creditors.

Based on the foregoing, good causes exists to grant the Motion on an interim basis and to enter this Interim Order.  Now, therefore,

IT IS HEREBY ORDERED as follows:

1.        The Loan Agreement is approved in its entirety for the interim period pending further hearing.

2.        Debtors are authorized to execute and deliver to Baffco the Loan Agreement and the Optional Advance Note.

3.        Debtors are authorized and directed to incur indebtedness up to $1,000,000 on an interim basis pending a final hearing under the terms of the Loan Agreement and otherwise make such payments and perform such obligations as required or permitted under the terms of the Loan Agreement.

4.        Baffco is granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an administrative expense priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code with respect to all loans and advances made pursuant to the Loan Agreement.

5.        Notwithstanding the above, Baffco's unsecured administrative claim under Sections 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and (b) unpaid administrative expense claims for professional fees and expenses incurred prior to the entry of any order converting this case to

**Page 3 of 4** -    INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED CREDIT AND SETTING FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-32599-dwh11    Doc 16    Filed 07/16/19

a case under Chapter 7 of the Bankruptcy Code and allowed pursuant to 11 U.S.C. § 330 or § 331.

6.      If any or all provisions of this Order are hereafter reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay shall not affect the validity of any obligation to Baffco that is or was incurred by Debtors pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation, or stay. Such reversal, modification, vacation, or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

7.      The final hearing on the Motion shall be held by the Court in Courtroom _____ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue #700, Portland, Oregon 97204, on August _____, 2019 at _____ _.m., or as soon thereafter as counsel may be heard. Within three business days after the entry hereof, Debtors shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing, pursuant to LBR 4001-1.D and LBF 541.40.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By _____
        Albert N. Kennedy, OSB NO. 821429
        Timothy J. Conway, OSB No. 851752
        Michael W. Fletcher, OSB No. 010448
        Ava L. Schoen, OSB No. 044072
        888 S.W. Fifth Avenue, Suite 1600
        Portland, OR 97204-2099
        Telephone:   503-221-1440
        Facsimile:   503-274-8779
        E-mail:      al.kennedy@tonkon.com
                     tim.conway@tonkon.com
                     michael.fletcher@tonkon.com
                     ava.schoen@tonkon.com
        Attorneys for Debtors                              cc:  List of Interested Parties

**Page 4 of 4** -    INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
                CREDIT AND SETTING FINAL HEARING

# EXHIBIT A

## LOAN AGREEMENT

# LOAN AGREEMENT

This Loan Agreement ("Agreement") is made and entered to as of July _____, 2019 by and among Baffco Enterprises, LLC ("Baffco"), Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (collectively "Wall to Wall") (each a "Borrower" and together "Borrowers").

R E C I T A L S:

A.    Borrowers, and each of them, are Debtors and Debtors-in-Possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, (each a "Bankruptcy Case" and together the "Bankruptcy Cases").

B.    Borrowers have filed Debtors' Motion for Interim and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion").  The Motion seeks interim and final authorization for Borrowers to execute this Agreement and obtain financing pursuant to 11 U.S.C.§ 364(b).

C.    Baffco is committed to support the recapitalization of Borrowers and the development and confirmation of a plan of reorganization in the Bankruptcy Cases.  Baffco wishes to make postpetition loans and advances to Borrowers and to otherwise invest in the reorganization of Borrowers.

A G R E E M E N T:

NOW, THEREFORE, the parties hereto agree as follows:

1.    This Agreement will be effective upon the entry by the Bankruptcy Court in the Bankruptcy Cases of an order authorizing the execution, delivery, and performance of this Agreement and granting to Baffco an administrative expense priority under 11 U.S.C. § 364(c)(1) for all advances made pursuant to this Agreement (the "Effective Date").

2.    On the Effective Date, Borrowers, and each of them, shall execute and deliver to Baffco the Optional Advance Note attached hereto as **Exhibit 1** (the "Optional Advance Note"). Baffco may make advances to Borrowers in a principal amount totaling up to $2 million hereinafter provided.

3.    All loans and advances made by Baffco to Borrowers shall be deemed advances under the Optional Advance Note and shall be endorsed on Annex A to the Optional Advance Note.

4.    The entire balance of all indebtedness, including all principal and interest, owed on the Optional Advance Note shall be due and payable in full on the earlier of (a) the Effective Date of any plan of reorganization confirmed in the Bankruptcy Cases; (b) the date of the entry of an order by the Bankruptcy Court converting any of the Bankruptcy Cases to cases under

Chapter 7 of the Bankruptcy Code; (c) the date of entry of an order of the Bankruptcy Court appointing a trustee under Chapter 11 of the Bankruptcy Code (the "Termination Date"); or (d) February 15, 2020.

5.      Baffco's unsecured super-priority administration claim under Section 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and (b) unpaid administrative expense claims for professional fees and expenses allowed pursuant to 11 U.S.C. § 330 or § 331 and incurred prior to the entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code.

6.      This Agreement and the Optional Advance Note shall be governed by, and construed and interpreted in accordance with, the laws of the State of Washington and the United States Bankruptcy Code.

7.      Borrowers and Baffco submit to the jurisdiction of the Bankruptcy Court over any dispute arising out of or related to this Agreement or the Optional Advance Note.

8.      In the event Borrowers propose and obtain confirmation of a plan of reorganization acceptable to Baffco in form and content, Baffco may accept common stock in Reorganized Debtors in full satisfaction of all indebtedness owing on the Optional Advance Note.

WALL TO WALL STONE & TILE, LLC, a                BAFFCO ENTERPRISES, LLC
Washington limited liability company


By _____        By _____
Its _____        Its _____


WALL TO WALL STONE & TILE-
OREGON, LLC, an Oregon limited liability
company


By _____
Its _____


WALL TO WALL STONE & TILE-IDAHO,
LLC, an Idaho limited liability company


By _____
Its _____


SWIOREGONSTATECOURT.DOT

# EXHIBIT 1

## OPTIONAL ADVANCE NOTE

# OPTIONAL ADVANCE NOTE

July _____, 2019                                                    Portland, Oregon

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (together "Borrowers"), jointly and severally hereby promise to pay to the order of Baffco Enterprises, LLC, a Washington limited liability company ("Lender") at PO Box 1683, Brush Prairie, WA 98606, or such other address as Lender may designate, the amount of all loans, advances or other extensions of credit made by Lender to Borrowers from time to time, together with all interest accrued thereon.

Borrowers, and each of them, are debtors and debtors-in-possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, respectively (together and separately, the "Bankruptcy Case"). The execution, delivery, and performance of this Optional Advance Note have been authorized pursuant to an Order of the Bankruptcy Court entered in the Bankruptcy Case.

Borrowers may obtain loans or advances under this Optional Advance Note in an amount up to $2,000,000 for general operating purposes and payment of administrative and other expenses associated with the Bankruptcy Case. A 1% loan origination fee on the total amount available shall be paid to Lender with the first advance.

Borrowers promise to pay interest on the unpaid principal outstanding under this Optional Advance Note from the date each sum is loaned or advanced to Borrowers through the date of payment to Lender at a rate of 10% per annum. Interest shall be calculated on the basis of a year deemed to consist of 365 days.

A schedule for recording advances by Lender, and payments of principal and interest by Borrowers, is attached as Annex A. Lender is authorized to endorse the date and amount of each advance and each payment of the indebtedness reflected by this Note on Annex A, or on any continuation of Annex A, or on any ledger or other record customarily maintained by Lender. That endorsement, in the absence of manifest error, shall constitute prima facie evidence of the accuracy of the information so endorsed.

This Note, and all indebtedness owing on this Note, shall be due and payable in full on the earlier of (a) the date on which any Plan of Reorganization confirmed in the Bankruptcy Case becomes effective, (b) the date of entry of an Order by the Bankruptcy Court converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, (c) the date of entry of an order of the Bankruptcy Court in the Bankruptcy Case appointing a trustee under Chapter 11 of the Bankruptcy Cod, or (c) February 15, 2020.

Borrowers may prepay all or any portion of this Optional Advance Note at any time without premium or penalty.

No delay or omission on the part of Lender in the exercise of any right or remedy, whether before or after any event of default, shall operate as a waiver or impair Lender's right to fully and strictly enforce such right or remedy and every other provision of this Optional Advance Note.

Borrowers hereby waive presentment, demand, notice of nonpayment, and all other notices and acts to which Borrowers might otherwise be entitled under applicable law.

WALL TO WALL STONE & TILE, LLC, a Washington limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-OREGON, LLC, an Oregon limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-IDAHO, LLC, an Idaho limited liability company

By _____
Its _____

SWIOREGONSTATECOURT.DOT

**ANNEX A**

**Schedule of Advances and Payments**

**All Amounts in U.S. Dollars**

| DATE | PRINCIPAL ADVANCE | INTEREST | PAYMENT | CUMULATIVE BALANCE |
|------|-------------------|----------|---------|--------------------|
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
| Total |                  |          |         |                    |